IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CR-91-220-D (No. CIV-12-691-D) |
| JUAN CARLOS ANGULO-LOPEZ, | ) ) | |
| Defendant. | ) | |

**<u>ORDER OF DISMISSAL</u>**

Before the Court is Defendant Juan Carlos Angulo-Lopez's *pro se* Petition for Relief Pursuant to 28 U.S.C. § 2255 [Doc. No. 1267]. Defendant seeks relief from a criminal sentence imposed in October, 1992 and affirmed by the court of appeals a year later. *See United States v. Angulo-Lopez*, 7 F.3d 1506 (10th Cir. 1993). Notwithstanding the one-year time limit for filing a § 2255 motion, a fatal flaw is apparent from the case record. Defendant previously sought relief under § 2255 in 2001, but relief was denied.[1] Thus, prior authorization from the court of appeals to file a second or successive § 2255 motion is required. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244(b)(3)(A). The record reflects no authorization by the court of appeals for a second or successive filing. Absent such authorization, this Court lacks subject matter jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).

In this situation, the Court must decide whether to dismiss the Petition or transfer it to the court of appeals for consideration as an implied motion for authorization to file a second or successive motion. The court of appeals has provided the following guidance on this issue: "When

---

[1] On appeal, the court of appeals denied a certificate of appealability and dismissed the appeal. *See United States v. Angulo-Lopez*, No. 01-6418, Order (10th Cir. June 24, 2003) (unpublished).

a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Factors to be considered in deciding whether a transfer is in the interest of justice "include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *See id.* at 1251.

Upon examination of the Petition, the Court finds that a transfer to the court of appeals is not warranted. Although Defendant purports to rely on a recent Supreme Court case, *DePierre v. United States*, 131 S. Ct. 2225 (2011), the arguments presented in his Petition bear no apparent relation to the holding of that decision, which simply interpreted the meaning of "cocaine base" in 21 U.S.C. § 841(b)(1). Further, the substance of the Petition provides no basis to believe that any authorization standard of § 2255(h) might be met. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Cline*, 531 F.3d at 1252. Under the circumstances, the Court finds that the proper disposition of this matter is a dismissal for lack of jurisdiction.

IT IS THEREFORE ORDERED that Defendant's Petition for Relief Pursuant to 28 U.S.C. § 2255 [Doc. No. 1267] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 22nd day of June, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE