IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-91-220-D |
| | ) | |
| JUAN CARLOS ANGULO-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant Juan Carlos Angulo-Lopez's *pro se* "Petition for Relief Pursuant to 28 U.S.C. § 2255" [Doc. No. 1267], which was filed June 18, 2012. The Court initially dismissed the Petition as an unauthorized, second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). The court of appeals determined, however, that Defendant's first § 2255 motion, which was denied in November 2001, should not count because the procedure mandated by the Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003), was not followed. The court of appeals acknowledged that Defendant's current § 2255 motion appears untimely under the one-year time limit of § 2255(f), but remanded the case for "the district court to consider the timeliness issue in the first instance." *See United States v. Angulo-Lopez*, 488 F. App'x 333, 335 (10th Cir. 2013).

After remand, the government responded in opposition to Defendant's § 2255 motion and raised the time-bar defense, among other issues. The Court also received additional *pro se* filings from Defendant: 1) "Petition to [Amend] 28 U.S.C. § 2255 Petition," filed April 4, 2013, which provides additional legal argument regarding the merits of his claim of ineffective assistance of counsel; 2) "Traverse in [Opposition] of the Government's Response," filed May 20, 2013, which

includes additional argument regarding timeliness and the merits of Defendant's claim; 3) "Petition for an Evidentiary Hearing," filed May 23, 2013, which asserts that Defendant is entitled to an evidentiary hearing to further develop a factual record regarding his ineffective assistance claim; and 4) "Petition to Take Judicial Notice of the Supreme Court Ruling in McQuiggin v. Perkins – and Amended Petition for an Evidentiary Hearing [P]remised on the [N]ew Ruling of McQuiggin v. Perkins," filed June 7, 2013, which provides additional argument based on the Supreme Court's recent decision regarding equitable relief from the time limit imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See McQuiggin v. Perkins*, 569 U.S. –, 133 S. Ct. 1924 (2013).

**Factual and Procedural Background**

On May 7, 1992, Defendant and 13 others were charged in a 41-count superseding indictment with numerous drug trafficking offenses involving cocaine powder and cocaine base, interstate travel in furtherance of a drug enterprise, and various firearms offenses. Defendant was convicted by a jury on August 20, 1992, of all 11 counts against him, including conspiracy to possess with intent to distribute cocaine powder and cocaine base, distribution of cocaine powder on multiple occasions, manufacture of cocaine base, and unlawful travel. Although the distribution counts alleged the quantities of cocaine powder involved, the other counts did not specify an amount of controlled substances, and the jury made no specific findings regarding drug quantities.

At sentencing, the presiding judge accepted the findings of the presentence investigation report, and held Defendant accountable for sentencing purposes for the total amount of cocaine base involved in the conspiracy, 47.82 kilograms. Defendant was sentenced in October, 1992, to life imprisonment on the conspiracy and manufacturing counts, with concurrent terms of imprisonment

2

on other counts. The court of appeals affirmed Defendant's convictions and sentence. *See United States v. Angulo-Lopez*, 7 F.3d 1506 (10th Cir. 1993), *cert. denied*, 511 U.S. 1041 (1994).

The AEDPA added a one-year statute of limitations to § 2255 and the statute governing habeas petitions, 28 U.S.C. § 2244. Because the judgment in Defendant's case became final before the AEDPA took effect on April 24, 1996, Defendant had one year from that date to file a § 2255 motion. *See United States v. Simmonds*, 111 F.3d 737 (10th Cir. 1997) (adopting a one-year grace period), *overruled on other grounds*, *United States v. Hurst*, 322 F.3d 1256, 1261 n.4 (10th Cir. 2003) (en banc as to footnote 4). Defendant first sought post-conviction relief from his sentence in 2001, without success. *See United States v. Angulo-Lopez*, No. 01-6418, Order (10th Cir. June 24, 2003) (unpublished) (denying certificate of appealability, dismissing appeal). In 2009, Defendant unsuccessfully sought authorization from the court of appeals to file a second § 2255 motion. *See In re. Angulo-Lopez*, No. 09-6256, Order (10th Cir. Nov. 23, 2009) (unpublished).[1] In January, 2012, Defendant filed a new motion seeking post-conviction relief without specifying any statutory authority; because his exclusive remedy was a § 2255 motion, this Court denied the motion without prejudice, for lack of jurisdiction to grant the relief sought. *See* Order of Jan. 23, 2012 [Doc. No. 1254] (denying "Motion to Correct Sentence"). As stated above, Defendant filed the instant § 2255 motion in June, 2012.

**Timeliness**

Defendant seeks to avoid the time bar of § 2255(f) through equitable tolling. To this end, he makes the following assertions in his § 2255 motion: 1) the court lacked jurisdiction to impose

---

[1] He also unsuccessfully sought a reduced sentence under 18 U.S.C. § 3582(c)(2). *See United States v. McGee*, 615 F.3d 1287, 1293 (10th Cir. 2010) (consolidated appeals, affirming denial of relief).

3

an enhanced sentence based on a drug amount not found by the jury at trial; 2) his sentence exceeded the statutory maximum for the offense of conviction; and 3) he is "actually and factually innocent of the enhanced penalty of 21 U.S.C. § 841(b)(1)(A)." *See* Petition [Doc. No. 1267] at 2 (emphasis omitted); *see also* Traverse [Doc. No. 1290] at 4-6.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 670 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Another equitable doctrine, expressly adopted in *McQuiggin*, recognizes a miscarriage of justice exception to AEDPA's limitations period for cases involving a "gateway" claim of actual innocence; the doctrine serves to ensure "'that federal constitutional errors do not result in the incarceration of innocent persons.'" *See McQuiggin*, 133 S. Ct. at 1931-32 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). In this case, Defendant does not contend some extraordinary circumstance prevented a timely filing despite diligent pursuit of relief; he appears to rely solely on the miscarriage of justice exception.

**Actual Innocence**

Establishing the exception recognized in *McQuiggin* requires "a convincing showing of actual innocence" under the standard announced in *Schlup v. Delo*, 513 U.S. 298 (1995), and explained in *House v. Bell*, 547 U.S. 518 (2006). *See McQuiggin*, 133 S. Ct. 1928. Under this standard, Defendant must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *House*, 547 U.S. at 537. He also "must show that it is more likely than not that no reasonable juror would have convicted him

in the light of the new evidence." *Id*. at 327; *see McQuiggin*, 133 S.Ct. at 1935; *House*, 547 U.S. at 536-37. The Supreme Court reiterated in *McQuiggin* that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329); *see House*, 547 U.S. at 538 (emphasizing the *Schlup* standard is "demanding" and seldom met).

This demanding standard clearly is not met in this case. First, Defendant offers no new or reliable evidence. The only proffered evidence is Defendant's own affidavits reciting facts known to him at the time of trial or sentencing, but allegedly overlooked or rejected by his attorneys. Further, Defendant does not assert in his motion that he is actually innocent of drug trafficking, conspiracy, or any offense of which he stands convicted. Instead, he argues that he "is *actually and factually innocent* of the enhanced penalty" of 21 U.S.C. § 841(b)(1)(A). *See* Petition [Doc. No. 1267] at 2 (emphasis in original). Throughout his briefs, Defendant argues that his life sentence exceeded the statutory maximum penalty available for his offense based on the quantities of drugs alleged in the charging instrument. It is well settled, however, that "a person cannot be actually innocent of a noncapital sentence." *See United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993); *accord United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012); *Laurson v. Leyba*, 507 F.3d 1230, 1232-33 (10th Cir. 2007); *Reid v. State of Okla.*, 101 F.3d 628, 630 (10th Cir. 1996); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"). Therefore, the Court finds that Defendant has failed to allege a colorable claim of actual innocence.

**Conclusion**

For these reasons, the Court finds that Defendant cannot overcome the one-year time limit of § 2255(f) and his § 2255 motion is time barred. The Court further finds an evidentiary hearing is unnecessary.[2]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case, and a COA should be denied.

IT IS THEREFORE ORDERED that Defendant's Petition for Relief Pursuant to 28 U.S.C. § 2255 [Doc. No. 1267] is DENIED. Judgment shall issue accordingly.

IT IS FURTHER ORDERED that Defendant's Motion to Amend [Doc. No. 1287] is GRANTED in that his additional arguments were considered, but Defendant's Motion for Evidentiary Hearing [Doc. No. 1291] is DENIED. Also, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 10th day of October, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Because the existing record conclusively shows Defendant is not entitled to relief, no evidentiary hearing is needed. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255(b).