IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-91-220-D |
| | ) | |
| RICORTE ANGULO-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Defendant Ricorte Angulo-Lopez's *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 1249] and Motion to Reopen Case [Doc. No. 1289]. By these filings, Defendant seeks a reduced prison sentence under Amendment 750 of the Sentencing Guidelines based on retroactive changes made under the Fair Sentencing Act of 2010. The pertinent facts shown by the case record establish that the Court lacks authority to further reduce Defendant's sentence.

Defendant was convicted by a jury in 1992 of five drug-trafficking offenses involving cocaine powder and cocaine base, and was sentenced to concurrent terms of imprisonment of 400 months (Counts 1, 13, 15 and 40) and 60 months (Count 11). Defendant's direct appeal resulted in a decision by the court of appeals in 1993, which affirmed his convictions and sentences on four counts but reversed as to one (Count 13). *See United States v. Angulo-Lopez*, No. 92-6364, 1993 WL 430340 (10th Cir. Oct. 26, 1993). After remand, Defendant's sentence on this count was vacated in January, 1994, but his term of imprisonment remained unaffected. *See* 1993 WL 430340 at *2 (noting "the duration of his sentence will not be affected by the reversal on Count 13" due to concurrent sentences). In 1996, however, Defendant sought and received a reduction of his prison

sentence to a term of 293 months under Amendment 505 of the Sentencing Guidelines, which retroactively capped the base offense level under the drug quantity table of § 2D1.1.[1]

In 2008, Defendant sought relief under Amendment 706 of the Sentencing Guidelines, which also made retroactive changes in the base offense level applicable to offenses involving cocaine base. The Federal Public Defender was appointed to represent Defendant for purposes of the motion and filed a supplemental motion on his behalf in June, 2009. The Court denied relief in September, 2009, based on its determination that Amendment 706 did not have the effect of lowering the applicable guideline range, and thus no reduction was authorized. Acting through appointed counsel, Defendant appealed this decision, and in a consolidated appeal involving multiple defendants in this case, the court of appeals affirmed. *See United States v. McGee*, 615 F.3d 1287 (10th Cir. 2010).

The law is clear that a sentence reduction under § 3582(c)(2) is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. Hodge*, 721 F.3d 1279, 1280-81 (10th Cir. 2013); *McGee*, 615 F.3d at 1293; *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *see also Dillon v. United States*, 560 U.S. 817, 130 S. Ct. 2683, 2691 (2010). To determine whether an amendment would lower the applicable guideline range, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [retroactive] amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the [retroactive] amendments . . . for the corresponding

---

[1] In November 1997, Defendant also sought post-conviction relief under 28 U.S.C. § 2255, which was denied, and in January 2006, Defendant filed a "Motion to Eliminate Enhancements and Reduce Sentence," seeking unspecified relief under *United States v. Booker*, 543 U.S. 220 (2005), which was also denied.

guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Under these binding policy statements, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011).

In this case, applying Amendment 750 to the sentencing judge's findings, Defendant is not eligible for relief from his existing sentence. His sentence was based on a quantity of cocaine base (17.5 kilograms) that far exceeds the maximum amount to which Amendment 750 applies (8.4 kilograms). Because Amendment 750 is inapplicable, the Court is not authorized to grant Defendant's request for a reduction of his prison sentence under § 3582(c)(2).

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence [Doc. No. 1249] and Motion to Reopen Case [Doc. No. 1289] are DENIED. Defendant is advised that pursuant to Fed. R. App. P. 4(b)(1)(A)(i), an appeal of this ruling must be filed within 14 days from the entry of this Order.

IT IS SO ORDERED this 15th day of October, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE